RON E. SHULMAN, State Bar No. 178263
shulman@wsgr.com
TERRY KEARNEY, State Bar No. 160054
tkearney@wsgr.com
JULIE M. HOLLOWAY, State Bar No. 196942
jholloway@wsgr.com
S. MICHAEL SONG State Bar No. 198656
jholloway@wsgr.com
TUNG-ON KONG, State Bar No. 205871
tkong@wsgr.com
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone:  (650) 493-9300
Facsimile:  (650) 565-5100

M. CRAIG TYLER, *Pro Hac Vice*
ctyler@wsgr.com
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
900 South Capital of Texas Highway
Las Cimas IV, Fifth Floor
Austin, Texas 78746-5546
Telephone:      (512) 338.5400
Facsimile:      (512) 338.5499

Attorneys for Plaintiff
NUANCE COMMUNICATIONS, INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| NUANCE COMMUNICATIONS, INC., a Delaware Corporation, <br><br> Plaintiff, <br><br> v. <br><br> ECOPY, INC., a Delaware Corporation, IMAGE RECOGNITION INTEGRATED SYSTEMS GROUP, S.A. d/b/a I.R.I.S. Group. s.a., a Belgium Corporation, IMAGE RECOGNITION INTEGRATED SYSTEMS S.A. d/b/a I.R.I.S. s.a., a Belgium Corporation, and IMAGE RECOGNITION INTEGRATED SYSTEMS, INC. d/b/a I.R.I.S.. Inc., a Florida Corporation. , <br><br> Defendants. | Case No.: 3-cv-04227 JSW MEJ <br> Consolidated With C 08-04942 JSW-MEJ <br><br> **AMENDED COMPLAINT** <br><br> **DEMAND FOR JURY TRIAL** |

1    Nuance Communications, Inc. ("Nuance") hereby alleges for its amended complaint

2  against defendants eCopy, Inc. ("eCopy"), Image Recognition Integrated Systems Group, s.a.

3  d/b/a I.R.I.S. Group. S.A., a Belgium Corporation ("I.R.I.S. Group"), Image Recognition

4  Integrated Systems S.A. d/b/a I.R.I.S. S.A., a Belgium Corporation ("I.R.I.S. Belgium") and,

5  Image Recognition Integrated Systems, Inc. d/b/a I.R.I.S.. Inc., a Florida Corporation ("I.R.I.S.

6  Florida"), on personal knowledge as to its own actions and upon information and belief as to

7  actions of others, as follows:

8                              **NATURE OF THE LAWSUIT**

9    1.    This action involves claims for patent infringement arising under the patent laws

10 of the United States, Title 35 of the United States Code, for damages and injunctive relief

11 pursuant to 35 U.S.C. §§ 1 *et seq,* claims for trademark infringement arising under the Lanham

12 Act, Title 15 of the United States Code, for damages and injunctive relief pursuant to 15 U.S.C.

13 §§ 1125 *et seq.* and arising under the common law of California, and claims for unfair

14 competition and false advertising arising under California Business and Professions Code §§

15 17200 *et seq.*, California Business and Professions Code §§ 17500 *et seq.*, and the common law

16 of California.  This Court has subject matter jurisdiction based on 28 U.S.C. §§ 1331 and

17 1338(a).  Venue is based on 28 U.S.C. §§ 1391 and 1400(b).

18                              **THE PARTIES**

19   2.    Nuance is a corporation organized and existing under the laws of the state of

20 Delaware with its principal place of business at 1 Wayside Road Burlington, Massachusetts

21 01803.

22   3.    Upon information and belief, eCopy is a corporation organized under the laws of

23 the State of Delaware with its principal place of business at One Oracle Drive, Nashua, New

24 Hampshire 03062.

25   4.    Upon information and belief, I.R.I.S. Group is a corporation organized under the

26 laws of the Kingdom of Belgium with its principal place of business at Parc Scientifique de

27 Louvain-la-Neuve, Rue de Bosquet 10, B-1435, Mont St. Guibert, Belgium.

28

1    5.    Upon information and belief, I.R.I.S. Belgium is a corporation organized under

2  the laws of the Kingdom of Belgium with its principal place of business at 10 rue du Bosquet, B-

3  1348 Louvain la Neuve, Belgium.

4    6.    Upon information and belief, I.R.I.S. Florida is a corporation organized under the

5  laws of the State of Florida with its principal place of business at Delray Office Plaza, 4731

6  West Atlantic Avenue, Suite B1 and B2, Delray Beach, Florida 33445.

7                              **NUANCE'S PATENTS**

8    7.    Nuance is the owner by assignment of United States Patent No. 5,131,053 ("the

9  '053 patent"), which was duly and legally issued by the United States Patent and Trademark

10  Office on July 14, 1992.

11    8.    Nuance is the owner by assignment of United States Patent No. 5,381,489 ("the

12  '489 patent"), which was duly and legally issued by the United States Patent and Trademark

13  Office on January 10, 1995.

14    9.    Nuance is the owner by assignment of United States Patent No. 5,436,983 ("the

15  '983 patent"), which was duly and legally issued by the United States Patent and Trademark

16  Office on July 25, 1995.

17    10.    Nuance is the owner by assignment of United States Patent No. 6,038,342 ("the

18  '342 patent"), which was duly and legally issued by the United States Patent and Trademark

19  Office on March 14, 2000.

20    11.    Nuance is the owner by assignment of United States Patent No. 5,261,009 ("the

21  '009 patent"), which was duly and legally issued by the United States Patent and Trademark

22  Office on November 9, 1993.

23    12.    Nuance is the owner by assignment of United States Patent No. 6,810,404 ("the

24  '404 patent"), which was duly and legally issued by the United States Patent and Trademark

25  Office on October 26, 2004.

26    13.    Nuance is the owner by assignment of United States Patent No. 6,820,094 ("the

27  '094 patent"), which was duly and legally issued by the United States Patent and Trademark

28  Office on November 16, 2004.

1       14.    Nuance is the owner by assignment of United States Patent No. 6,742,161 ("the

2   '161 patent"), which was duly and legally issued by the United States Patent and Trademark

3   Office on May 25, 2004.

4       15.    Nuance is the owner by assignment of United States Patent No. 5,778,092 ("the

5   '092 patent"), which was duly and legally issued by the United States Patent and Trademark

6   Office on July 7, 1998.

7   **NUANCE'S TRADEMARKS**

8       16.    Nuance is the owner of the trademarks NUANCE, NUANCE and Design,

9   PAPERPORT, and SCANSOFT for OCR and scanning software, as well as related products and

10   services ("the Marks").

11       17.    Nuance has used the NUANCE trademark in connection with software and

12   services across the United States since at least as early as January 1996, and owns a valid

13   registration for the trademark at the United States Patent and Trademark Office (Registration No.

14   3,320,394).

15       18.    Nuance has used the trademark NUANCE and Design in connection with

16   software and services across the United States since at least as early as August 1999, and owns a

17   valid registration for the trademark at the United States Patent and Trademark Office

18   (Registration No. 2,699,471).

19       19.    Nuance or Nuance's predecessor-in-interest has used the PAPERPORT trademark

20   in connection with software across the United States since at least as early as November 1994,

21   and Nuance owns a valid registration for the trademark at the United States Patent and

22   Trademark Office (Registration No. 1,998,734).

23       20.    Nuance or Nuance's predecessor-in-interest has used the SCANSOFT trademark

24   in connection with software across the United States since at least as early as September 1996,

25   and Nuance owns a valid registration for the trademark at the United States Patent and

26   Trademark Office (Registration No. 1,998,734).

27

28

1

2                           **JURISDICTION AND VENUE**

3          21.    This Court has subject matter jurisdiction based on 28 U.S.C. §§ 1331 and

4    1338(a).  Venue is based on 28 U.S.C. §§ 1391 and 1400(b).

5                                    **eCopy**

6          22.    Upon information and belief, defendant eCopy designs, develops, manufactures,

7    sells, and offers for sale in the United States at least the eCopy Desktop and eCopy ShareScan

8    products, including related products.

9          23.    Upon information and belief, eCopy advertises the above identified products via a

10   website that it owns and operates at http://www.ecopy.com/.

11         24.    Upon information and belief, defendant eCopy transacts business and has directly

12   and/or indirectly provided to customers in this judicial district and throughout the State of

13   California, software products including the above identified products that infringe the '053, '489,

14   '983, '342, '009, '404, '094, and '092 patents.

15         25.    This Court has personal jurisdiction over defendant eCopy, and eCopy has already

16   appeared in this action.

17                              **I.R.I.S. Defendants**

18         26.    Upon information and belief, defendants I.R.I.S. Group, I.R.I.S. Belgium and

19   I.R.I.S. Florida, individually and/or in concert, design, develop, manufacture, sell, and/or offer

20   for sale in the United States and import into the United States the at least the IRISCard, IRISPen,

21   IRISPowerScan, IRISCapture for Invoices, IRISCapture for Forms, IRISPdf, iDRS, and Readiris

22   products, including related products.

23         27.    Upon information and belief, I.R.I.S. Group is the parent company of and owns

24   all ownership interest in I.R.I.S. Florida.

25         28.    Upon information and belief, I.R.I.S. Florida is an agent of both I.R.I.S. Group

26   and I.R.I.S. Belgium with respect to its activities within the United States, including the sale,

27   offer for sale and importation of the above identified products.

28

29. Upon information and belief, I.R.I.S. Group and I.R.I.S. Belgium exercise control over the activities of I.R.I.S. Florida, including sales and marketing activities.

30. Upon information and belief, I.R.I.S. Group and I.R.I.S. Belgium participate in the activities of I.R.I.S. Florida, including sales and marketing activities.

31. Upon information and belief, I.R.I.S. Group and I.R.I.S. Belgium receive, directly or indirectly, money generated by the activities of I.R.I.S. Florida.

32. Upon information and belief, I.R.I.S. Group, I.R.I.S. Belgium and IR.I.S. Florida share common board members, officers and/or employees. For example, Pierre De Muelenaere is the President and Chief Executive Officer of I.R.I.S. Group, the founder and President of I.R.I.S. Belgium, and the founder and President of I.R.I.S. Florida.

33. Upon information and belief, defendant I.R.I.S. Florida sells and offers for sale in the United States and imports into the United States the at least the IRISCard, IRISPen, IRISPowerScan, IRISCapture for Invoices, IRISCapture for Forms, IRISPdf, iDRS, and Readiris products.

34. Upon information and belief, I.R.I.S. Group and I.R.I.S. Belgium have shipped, facilitated shipment, and/or imported the above identified products into the United States, including into this district and including the sale or transfer of product to I.R.I.S. Florida.

35. Upon information and belief, I.R.I.S. Group, I.R.I.S. Belgium and I.R.I.S. Florida sell and offer for sale at least some of the above identified products, through retail stores in the Northern District of California, including Fry's stores.

36. I.R.I.S. Group, I.R.I.S. Belgium and I.R.I.S. Florida, individually and/or in concert, advertise, sell, offer for sale and/or facilitate the purchase at least some of the above identified products in the United States and in this district via a website located at http://www.irislink.com.

37. Upon information and belief, I.R.I.S. Group, I.R.I.S. Belgium, and I.R.I.S. Florida transact business and have directly and/or indirectly provided to customers in the United States, the State of California, and within this district products, including those identified above, that infringe the'053, '489, '983, '342,'009, '404, '094 and '161 patents.

1    38.    This Court has personal jurisdiction over I.R.I.S. Group, I.R.I.S. Belgium and

2    I.R.I.S. Florida, and I.R.I.S. Florida has already appeared in an action that has been consolidated

3    with this action.

4                **COUNT ONE – INFRINGEMENT OF THE '489 PATENT**

5    39.    Nuance repeats, realleges and incorporates by reference the allegations of

6    paragraphs 1 through 38.

7    40.    eCopy has infringed and is continuing to infringe one or more claims of the '489

8    patent directly, contributorily, and/or by inducement, by making, using, selling and/or offering to

9    sell in this country, and/or importing into this country software that includes OCR capability

10   including at least the Desktop line of products, in violation of 35 U.S.C. § 271.

11   41.    I.R.I.S. Group, I.R.I.S. Belgium, and I.R.I.S. Florida have infringed and are

12   continuing to infringe one or more claims of the '489 patent directly, contributorily, and/or by

13   inducement, by making, using, selling and/or offering to sell in this country, and/or importing

14   into this country software that includes OCR capability including at least the Readiris line of

15   products, in violation of 35 U.S.C. § 271.

16   42.    Upon information and belief, eCopy's infringement of the '489 Patent has been

17   willful and deliberate, entitling Nuance to increased damages under 35 U.S.C. § 284 and to

18   attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

19   43.    Nuance has been damaged by the infringing activities of eCopy, I.R.I.S. Group,

20   I.R.I.S. Belgium and I.R.I.S. Florida and will be irreparably injured unless such infringing

21   activities are enjoined by this Court.

22               **COUNT TWO – INFRINGEMENT OF THE '342 PATENT**

23   44.    Nuance repeats, realleges and incorporates by reference the allegations of

24   paragraphs 1 through 43.

25   45.    eCopy has infringed and is continuing to infringe one or more claims of the '342

26   patent directly, contributorily, and/or by inducement, by making, using, selling and/or offering to

27   sell in this country, and/or importing into this country software that includes OCR capability

28   including at least the Desktop line of products, in violation of 35 U.S.C. § 271.

46.     I.R.I.S. Group, I.R.I.S. Belgium and I.R.I.S. Florida have infringed and are continuing to infringe one or more claims of the '342 patent directly, contributorily, and/or by inducement, by making, using, selling and/or offering to sell in this country, and/or importing into this country software that includes OCR capability including at least the Readiris line of products, in violation of 35 U.S.C. § 271.

47.     Upon information and belief, eCopy's infringement of the '342 Patent has been willful and deliberate, entitling Nuance to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

48.     Nuance has been damaged by the infringing activities of eCopy, I.R.I.S. Group, I.R.I.S. Belgium and I.R.I.S. Florida and will be irreparably injured unless such infringing activities are enjoined by this Court.

### COUNT THREE – INFRINGEMENT OF THE '009 PATENT

49.     Nuance repeats, realleges and incorporates by reference the allegations of paragraphs 1 through 48.

50.     eCopy has infringed and is continuing to infringe one or more claims of the '009 patent directly, contributorily, and/or by inducement, by making, using, selling and/or offering to sell in this country, and/or importing into this country software that includes OCR capability including at least the Desktop line of products, in violation of 35 U.S.C. § 271.

51.     I.R.I.S. Group, I.R.I.S. Belgium, and I.R.I.S. Florida have infringed and are continuing to infringe one or more claims of the '009 patent directly, contributorily, and/or by inducement, by making, using, selling and/or offering to sell in this country, and/or importing into this country software that includes OCR capability including at least the Readiris line of products, in violation of 35 U.S.C. § 271.

52.     Upon information and belief, eCopy's infringement of the '009 Patent has been willful and deliberate, entitling Nuance to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

53.     Nuance has been damaged by the infringing activities of eCopy, I.R.I.S. Group, I.R.I.S. Belgium and I.R.I.S. Florida and will be irreparably injured unless such infringing activities are enjoined by this Court.

## COUNT FOUR – INFRINGEMENT OF THE '053 PATENT

54.     Nuance repeats, realleges and incorporates by reference the allegations of paragraphs 1 through 53.

55.     eCopy has infringed and is continuing to infringe one or more claims of the '053 patent directly, contributorily, and/or by inducement, by making, using, selling and/or offering to sell in this country, and/or importing into this country software that includes OCR capability including at least the Desktop line of products, in violation of 35 U.S.C. § 271.

56.     I.R.I.S. Group, I.R.I.S. Belgium, and I.R.I.S. Florida have infringed and are continuing to infringe one or more claims of the '053 patent directly, contributorily, and/or by inducement, by making, using, selling and/or offering to sell in this country, and/or importing into this country software that includes OCR capability including at least the Readiris line of products, in violation of 35 U.S.C. § 271.

57.     Upon information and belief, eCopy's infringement of the '053 Patent has been willful and deliberate, entitling Nuance to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

58.     Nuance has been damaged by the infringing activities of eCopy, I.R.I.S. Group, I.R.I.S. Belgium and I.R.I.S. Florida and will be irreparably injured unless such infringing activities are enjoined by this Court.

## COUNT FIVE – INFRINGEMENT OF THE '983 PATENT

59.     Nuance repeats, realleges and incorporates by reference the allegations of paragraphs 1 through 58.

60.     eCopy has infringed and is continuing to infringe one or more claims of the '983 patent directly, contributorily, and/or by inducement, by making, using, selling and/or offering to sell in this country, and/or importing into this country software that includes OCR capability including at least the Desktop line of products, in violation of 35 U.S.C. § 271.

61.     I.R.I.S. Group, I.R.I.S. Belgium and I.R.I.S. Florida have infringed and are continuing to infringe one or more claims of the '983 patent directly, contributorily, and/or by inducement, by making, using, selling and/or offering to sell in this country, and/or importing into this country software that includes OCR capability including at least the Readiris line of products, in violation of 35 U.S.C. § 271.

62.     Upon information and belief, eCopy's infringement of the '983 Patent has been willful and deliberate, entitling Nuance to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

63.     Nuance has been damaged by the infringing activities of eCopy, I.R.I.S. Group, I.R.I.S. Belgium and I.R.I.S. Florida and will be irreparably injured unless such infringing activities are enjoined by this Court.

## COUNT SIX – INFRINGEMENT OF THE '404 PATENT

64.     Nuance repeats, realleges and incorporates by reference the allegations of paragraphs 1 through 63.

65.     eCopy has infringed and is continuing to infringe one or more claims of the '404 patent directly, contributorily, and/or by inducement, by making, using, selling and/or offering to sell in this country, and/or importing into this country at least the ShareScan products in violation of 35 U.S.C. § 271.

66.     I.R.I.S. Group, I.R.I.S. Belgium, and I.R.I.S. Florida have infringed and are continuing to infringe one or more claims of the '404 patent directly, contributorily, and/or by inducement, by making, using, selling and/or offering to sell in this country, and/or importing into this country at least the IRISPowerScan and IRISCapture, in violation of 35 U.S.C. § 271.

67.     Upon information and belief, eCopy's infringement of the '404 Patent has been willful and deliberate, entitling Nuance to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

68.     Nuance has been damaged by the infringing activities of eCopy, I.R.I.S. Group, I.R.I.S. Belgium and I.R.I.S. Florida and will be irreparably injured unless such infringing activities are enjoined by this Court.

1    **COUNT SEVEN – INFRINGEMENT OF THE '094 PATENT**

2         69.    Nuance repeats, realleges and incorporates by reference the allegations of

3    paragraphs 1 through 68.

4         70.    eCopy has infringed and is continuing to infringe one or more claims of the '094

5    patent directly, contributorily, and/or by inducement, by making, using, selling and/or offering to

6    sell in this country, and/or importing into this country at least the ShareScan products in violation

7    of 35 U.S.C. § 271.

8         71.    I.R.I.S. Group, I.R.I.S. Belgium and I.R.I.S. Florida have each infringed and are

9    continuing to infringe one or more claims of the '094 patent directly, contributorily, and/or by

10   inducement, by making, using, selling and/or offering to sell in this country, and/or importing into

11   this country at least the IRISPowerScan and IRISCpature products, in violation of 35 U.S.C. § 271.

12        72.    Upon information and belief, eCopy's infringement of the '094 Patent has been

13   willful and deliberate, entitling Nuance to increased damages under 35 U.S.C. § 284 and to

14   attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

15        73.    Nuance has been damaged by the infringing activities of eCopy, I.R.I.S. Group,

16   I.R.I.S. Belgium and I.R.I.S. Florida and will be irreparably injured unless such infringing

17   activities are enjoined by this Court.

18        **COUNT EIGHT – INFRINGEMENT OF THE '161 PATENT**

19        **(Against I.R.I.S. Group, I.R.I.S. Belgium and I.R.I.S. Florida)**

20        74.    Nuance repeats, realleges and incorporates by reference the allegations of

21   paragraphs 1 through 73.

22        75.    I.R.I.S. Group, I.R.I.S. Belgium, and I.R.I.S. Florida have each infringed and are

23   continuing to infringe one or more claims of the '161 patent directly, contributorily, and/or by

24   inducement, by making, using, selling and/or offering to sell in this country, and/or importing into

25   this country at least the IRISPdf products in violation of 35 U.S.C. § 271.

26        76.    Nuance has been damaged by the infringing activities of I.R.I.S. Group, I.R.I.S.

27   Belgium, and I.R.I.S. Florida and will be irreparably injured unless such infringing activities are

28   enjoined by this Court.

1  **COUNT NINE – INFRINGEMENT OF THE '092 PATENT**

2      77.    Nuance repeats, realleges and incorporates by reference the allegations of

3  paragraphs 1 through 76.

4      78.    I.R.I.S. Group, I.R.I.S. Belgium, and I.R.I.S. Florida have each infringed and are

5  continuing to infringe one or more claims of the '092 patent directly, contributorily, and/or by

6  inducement, by making, using, selling and/or offering to sell in this country, and/or importing into

7  this country at least the IRIS iHQC products in violation of 35 U.S.C. § 271.

8      79.    eCopy has infringed and is continuing to infringe one or more claims of the '092

9  patent directly, contributorily, and/or by inducement, by making, using, selling and/or offering to

10 sell in this country, and/or importing into this country at least the eCopy Desktop products in

11 violation of 35 U.S.C. § 271.

12     80.    Upon information and belief, eCopy's infringement of the '092 Patent has been

13 willful and deliberate, entitling Nuance to increased damages under 35 U.S.C. § 284 and to

14 attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

15     81.    Nuance has been damaged by the infringing activities of eCopy, I.R.I.S. Group,

16 I.R.I.S. Belgium and I.R.I.S. Florida and will be irreparably injured unless such infringing

17 activities are enjoined by this Court.

18     **COUNT TEN – FALSE ADVERTISING**

19     **IN VIOLATION OF 15 U.S.C. § 1125(a)**

20     **(Against eCopy)**

21     82.    Nuance repeats, realleges and incorporates by reference the allegations of

22 paragraphs 1 through 81.

23     83.    Nuance provides various OCR and imaging solutions to businesses and individual

24 consumers around the world.

25     84.    Nuance's PaperPort product is offered across the United States in interstate

26 commerce, and allows customers to scan, organize, find and share documents including paper,

27 PDF, application files and photographs.

28

1       85.    Nuance's OmniPage product is offered across the United States in interstate

2   commerce, and provides OCR analysis and other features that allow documents and forms to be

3   imported into different applications for editing, searching and sharing.

4       86.    Nuance licenses the PaperPort and OmniPage products to various individuals and

5   businesses, as well as to manufacturers of hardware products (e.g., scanners, copiers, multi-

6   function printers) for bundling with the manufacturer's products. Nuance calls such companies

7   "OEM partners."

8       87.    eCopy competes with the Nuance's software products with its eCopy Desktop

9   product. On information and belief, eCopy does not provide its own OCR solution, but bundles

10   its product with an OCR solution from a third party. eCopy also licenses its Desktop product to

11   hardware manufacturers for bundling with manufacturer's products. eCopy Desktop is licensed

12   or available throughout the United States, and is a product in interstate commerce.

13       88.    Upon information and belief, in or about July 2006, eCopy created a false and

14   misleading document entitled "Competitive Analysis, eCopy Desktop v. 9.0 versus Nuance

15   PaperPort v. 11.0, Making Your Purchasing Decision Easy" ("the Competitive Report"). The

16   Competitive Report contains numerous false and misleading descriptions of fact and

17   representations of fact about Nuance and the Nuance PaperPort and OmniPage products. The

18   false and misleading statements have the capacity to deceive a substantial segment of potential

19   customers of Nuance.

20       89.    Upon information and belief, eCopy has made other false and misleading

21   descriptions of fact and representations of fact about Nuance products. For example, in or about

22   March 2007, eCopy created a document entitled "Top Ten Reasons to Choose eCopy Desktop

23   Over Nuance PaperPort" ("the Top Ten Report"), which contains numerous false and misleading

24   descriptions of fact and representations of fact about Nuance and the Nuance PaperPort product.

25       90.    Upon information and belief, eCopy distributed the Competitive Report and the

26   Top Ten Report in connection with its competing software across the United States, in interstate

27   commerce, to various manufacturers and/or resellers, who are also current or potential OEM

28   partners of Nuance.

91.     The false and misleading statements in the Competitive Report and Top Ten Report are material and likely to influence the purchasing decision of Nuance's current and/or potential future customers.

92.     By its actions described above, eCopy, in connection with its goods and services, has used in commerce false and misleading descriptions of fact and representations of fact which in commercial advertising or promotion misrepresents the nature, characteristics and/or qualities of Nuance products, in violation of 15 U.S.C. § 1125(a).

93.     Nuance has and will suffer irreparable harm if eCopy continues to distribute false and misleading statements similar to those made in the Competitive Report and Top Ten Report. Nuance will also suffer irreparable harm if the Competitive Report and Top Ten Report remain in distribution without retraction and correction by eCopy.

94.     Nuance is entitled to a preliminary and permanent injunction against eCopy preventing eCopy from further dissemination of the Competitive Report or Top Ten Report, or from making false and misleading statements similar to those made in the Competitive Report or Top Ten Report.  Nuance is also entitled to a preliminary and permanent injunction requiring eCopy to retract all misleading and false advertising and marketing materials, such as those described above, and further requiring eCopy to publish a statement correcting its false advertising.

## COUNT ELEVEN -- INFRINGEMENT OF TRADEMARKS IN VIOLATION OF 15
## U.S.C. §§ 1114 & 1125

### (Against eCopy)

95.     Nuance repeats, realleges and incorporates by reference the allegations of paragraphs 1 through 94.

96.     The Competitive Report displays the Marks without permission from Nuance.

97.     The Competitive Report uses each of the Marks in connection with the sale, offering for sale, distribution, or advertising of the eCopy Desktop product.

98.     By the acts described above, eCopy has, without the consent of Nuance, used in commerce the Marks in connection with the sale, offering for sale, distribution or advertising of

1   goods or services, in a manner that is likely to cause confusion, or to cause mistake, or to

2   deceive. By way of example and not limitation, the Competitive Report fails to give any

3   attribution to the author of the document, and uses the Marks in a way as to confuse the reader as

4   to the source or sponsorship of the Competitive Report or the products therein. eCopy's conduct

5   violates 15 U.S.C. §§ 1114 and 1125.

6         99.    Nuance has suffered damage from eCopy's activities described above and will

7   continue to suffer damage unless those activities are enjoined by this Court. Therefore, Nuance

8   is entitled to an injunction and to the costs of this action, and to further relief described below.

9         100.    Nuance will also suffer irreparable harm if eCopy continues to misuse Nuance's

10  trademarks in a way that causes confusion among consumers, with intent to deceive such

11  consumers. Such confusion and resulting loss of good will cannot be remedied by monetary

12  damages alone.

13        101.    Nuance is entitled to a preliminary and permanent injunction against eCopy

14  preventing eCopy from using Nuance's trademarks and in a confusing and deceptive manner, as

15  it has done in the Competitive Report, and further from distributing the Competitive Report and

16  any similar documents making unauthorized and improper use of Nuance's trademarks.

17        102.    On information and belief, eCopy's use of the Marks was intentional and with full

18  knowledge of Nuance's ownership of trademark registrations, and of Nuance's rights in and use

19  of those marks. Nuance is therefore entitled to recover treble damages, treble profits, and

20  attorneys' fees under 15 U.S.C. § 1117(a).

21                  **COUNT TWELVE -- COMMON LAW TRADEMARK INFRINGEMENT**

22                                        **(Against eCopy)**

23        103.    Nuance repeats, realleges and incorporates by reference the allegations of

24  paragraphs 1 through 102.

25        104.    eCopy's conduct constitutes willful trademark infringement under the common

26  law of the State of California.

27        105.    eCopy's actions described above have greatly and irreparably damaged Nuance

28  and will continue to damage Nuance unless enjoined by this Court. Nuance is entitled to an

1  injunction as well as damages to be proved at trial. Moreover, because of eCopy's willful and

2  malicious conduct, Nuance is entitled to exemplary damages in an amount to be determined by a

3  jury.

4  ## COUNT THIRTEEN – COMMON LAW UNFAIR COMPETITION

5  ### (Against eCopy)

6  106.  Nuance repeats, realleges and incorporates by reference the allegations of

7  paragraphs 1 through 105.

8  107.  eCopy's acts as described above constitute unfair competition in violation of the

9  common law of the State of California.

10  108.  eCopy's acts described above have greatly and irreparably damaged Nuance and

11  will continue to damage Nuance unless enjoined by this Court.  Nuance is entitled to an

12  injunction as set forth below, as well as damages to be proved at trial.

13  ## COUNT FOURTEEN – FALSE AND DECEPTIVE ADVERTISING IN VIOLATION OF

14  ## CAL. BUS. & PROF. CODE § 17500 et seq.

15  ### (Against eCopy)

16  109.  Nuance repeats, realleges and incorporates by reference the allegations of

17  paragraphs 1 through 108.

18  110.  eCopy's false and misleading statements in the Competitive Report and the Top

19  Ten Report constitute unfair, deceptive, untrue, or misleading advertising under Cal. Bus. &

20  Prof. Code § 17500 et seq.

21  111.  eCopy's acts described above have greatly and irreparably damaged Nuance and

22  will continue to damage Nuance unless enjoined by this Court.  Accordingly, Nuance is entitled

23  to an injunction under Cal. Bus. & Prof. Code § 17535, as well as restitution and disgorgement

24  of eCopy's profits.

25

26

27

28

1

2   **COUNT FIFTEEN – UNFAIR COMPETITION IN VIOLATION OF CAL. BUS. &**

3   **PROF. CODE § 17200 et seq.**

4   **(Against eCopy)**

5       112.    Nuance repeats, realleges and incorporates by reference the allegations of

6   paragraphs 1 through 111.

7       113.    eCopy's false and misleading statements in the Competitive Report and the Top

8   Ten Report constitute unfair, deceptive, untrue, and misleading advertising.

9       114.    eCopy's use of Nuance's trademarks in the Competitive Report constitutes unfair,

10  deceptive, untrue, and misleading advertising.

11      115.    eCopy's acts described above are unlawful, unfair, or fraudulent business acts or

12  practices, constituting unfair competition in violation of California Bus. & Prof. Code § 17200 et

13  seq.

14      116.    eCopy's acts described above have greatly and irreparably damaged Nuance and

15  will continue to damage Nuance unless enjoined by this Court.  Accordingly, Nuance is entitled

16  to an injunction under Cal. Bus. & Prof. Code § 17203, as well as restitution and disgorgement

17  of eCopy's profits.

18                          **PRAYER FOR RELIEF**

19      Wherefore, Nuance prays for judgment that:

20      1.      eCopy has directly infringed, contributed to the infringement of, and induced

21  infringement of the '053, '489, '983, '342, '009, '404, '094, and '092 patents;

22      2.      I.R.I.S. Group , I.R.I.S. Belgium, and I.R.I.S. Florida have each directly

23  infringement, contributed to the infringement of, and induced infringement of the '053, '489,

24  '983, '342, '009, '404, '094, '161 and '092 patents;

25      3.      Permanently enjoins eCopy, each of its officers, agents, servants, employees,

26  attorneys, successors and assigns, and all others in active concert or participation with any one of

27  them, from infringing the '053, '489, '983, '342, '009, '404, '094, and '092 patents;

28

1          4.      Permanently enjoins I.R.I.S. Group, I.R.I.S. Belgium, I.R.I.S. Florida, each of

2    their respective officers, agents, servants, employees, attorneys, successors and assigns, and all

3    others in active concert or participation with any one of them, from infringing the '053, '489,

4    '983, '342, '009, '404, '094,'161 and '092 patents;

5          5.      Awards Nuance damages adequate to compensate for eCopy's infringement of the

6    '053, '489, '983, '342, '009, '404, '094, and '092 patents together with interest and costs;

7          6.      Awards Nuance damages adequate to compensate for I.R.I.S. Group, I.R.I.S.

8    Belgium, and I.R.I.S. Florida's infringement of the '053, '489, '983, '342, '009, '404, '094,'161

9    and '092 patents together with interest and costs;

10        7.      Awards Nuance enhanced damages, up to and including trebling of Nuance's

11    damages pursuant to 35 U.S.C. § 284, for eCopy's willful infringement.

12        8.      Awards Nuance costs of suit and reasonable attorney's fees against eCopy,

13    I.R.I.S. Group, I.R.I.S. Belgium, and I.R.I.S. Florida pursuant to 35 U.S.C. § 285 due to the

14    exceptional nature of this case, or as otherwise permitted by law.

15        9.      Preliminarily and permanently enjoins eCopy, its subsidiaries, parent, and

16    affiliated companies, successors, assigns, officers, directors, agents, partners, servants, and

17    employees of those companies or individuals, and all others in active concert or participation

18    with eCopy, from using any of Nuance's trademarks in a confusing and deceptive manner, and

19    further from distributing the Competitive Report and any similar documents making

20    unauthorized and improper use of Nuance's trademarks;

21        10.    Preliminarily and permanently enjoins eCopy, its subsidiaries, parent, and

22    affiliated companies, successors, assigns, officers, directors, agents, partners, servants, and

23    employees of those companies or individuals, and all others in active concert or participation

24    with eCopy, from further disseminating the Competitive Report or Top Ten Report, or from

25    making false and misleading statements similar to those made in the Competitive Report or Top

26    Ten Report;

27

28

11.     Preliminarily and permanently requires eCopy to retract all misleading and false advertising and marketing materials, such as the Competitive Report and the Top Ten Report, and to publish a statement correcting its false advertising;

12.     Orders eCopy to file with the Court and serve on Nuance within 30 days of the Order an affidavit setting forth in detail the manner in which they have complied with the terms of the Order;

13.     Requires eCopy to account for and pay to Nuance treble the amount of all profits derived by eCopy as a result of the acts alleged under counts ten to fifteen;

14.     Requires eCopy to pay to Nuance treble the amount of all damages incurred by Nuance by reason of eCopy's acts alleged under counts ten to fifteen;

15.     Orders eCopy to make restitution to Nuance for the amounts derived by virtue of eCopy's unfair business practices;

16.     Awards Nuance the costs of this action, together with reasonable attorneys' fees and disbursements; and

17.     Awards such other and further relief as this Court may deem proper.


Dated:  April 3, 2009                    WILSON SONSINI GOODRICH & ROSATI
                                         Professional Corporation


                                         By: _____
                                              M Craig Tyler        b; TOK

                                         WILSON SONSINI GOODRICH & ROSATI
                                         Professional Corporation
                                         900 South Capital of Texas Highway
                                         Las Cimas IV, Fifth Floor
                                         Austin, Texas 78746-5546
                                         Telephone:    (512) 338.5400
                                         Facsimile:    (512) 338.5499

                                         Attorneys for Plaintiff
                                         NUANCE COMMUNICATIONS, INC.

1

2                        **DEMAND FOR JURY TRIAL**

3            Plaintiff Nuance hereby demands a trial by jury.

4

5    Dated:  April 3, 2009              WILSON SONSINI GOODRICH & ROSATI
                                        Professional Corporation
6

7                                       By: _____
8                                            M Craig Tyler
9                                       WILSON SONSINI GOODRICH & ROSATI
                                        Professional Corporation
10                                      900 South Capital of Texas Highway
                                        Las Cimas IV, Fifth Floor
11                                      Austin, Texas 78746-5546
                                        Telephone:    (512) 338.5400
12                                      Facsimile:    (512) 338.5499

13                                      Attorneys for Plaintiff
                                        NUANCE COMMUNICATIONS, INC.
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28