UNITED STATES DISTRICT COURT

Northern District of California

| | |
|---|---|
| IMAGE RECOGNITION INTEGRATED SYSTEMS, INC., <br><br>                 Plaintiff(s), <br>   v. <br>NUANCE COMMUNICATIONS, INC., <br><br>                 Defendant(s). | No. C 08-04227 JSW (MEJ) <br>No. C 08-04942 JSW (MEJ) <br><br>**DISCOVERY ORDER RE DISCOVERY PHASING AND NUANCE'S REQUEST TO COMPEL PRODUCTION** |

On June 23, 2009, the parties in the above entitled actions filed two joint letters (Case No. C 08-4227, Dkt. #93, Case No. C 08-4942, Dkt. #101) detailing two discovery disputes. Additionally, eCopy filed a separate letter on June 24, 2009 stating its position with respect to one of the disputes. (Case No. C 08-4227, Dkt. #94.)  The first dispute between the parties concerns whether discovery in these cases should be phased.  The second dispute concerns Nuanace's request for an order compelling I.R.I.S. to respond to its First and Second Sets of Requests for Production and its First Set of Interrogatories.  The Court will address each dispute in turn.

**I.    Dispute Regarding Phased Discovery**

I.R.I.S. and eCopy propose that the Court phase discovery in these matters.  Specifically, they propose that the Court initially limit discovery to issues of claim construction.  They further propose that the parties begin discovery on liability issues after Judge White issues his claim construction order.  Finally, I.R.I.S. and eCopy propose that the parties conduct discovery on damages after the Court rules on any dispositive motions.

Nuance, however, objects to phased discovery.  It contends that phased discovery: (1) would prejudice Nuance; (2) would unjustifiably delay written discovery regarding the affirmative allegations in I.R.I.S.'s complaint; (3) is opposed by defendants in the related action, Case No. C 08-

1  02912, which involve the same Nuance patents; and (4) would cause significant inefficiencies. (Dkt.
2  #101 at 3.)

3        The Court has carefully considered the parties' arguments and rules as follows. The Court
4  finds I.R.I.S. and eCopy's arguments in favor of phasing discovery to be well-taken. Accordingly,
5  the Court **ORDERS** that, at this stage of the litigation, the parties shall limit discovery to issues
6  concerning claim construction. After Judge White issues his Order construing the disputed claims,
7  the parties may file a joint letter setting forth their respective positions as to whether remaining
8  discovery should be bifurcated between liability and damages or proceed without such a division.

9  **II.    Nuance's Request for Order Compelling Responses**

10        Nuance contends that, on January 30, 2009, it served its First Set of Requests for Production
11  and First Set of Interrogatories on I.R.I.S. Thereafter, on May 15, 2009, Nuance served its Second
12  Set of Requests for Production. According to Nuance, I.R.I.S. failed to timely serve its responses or
13  objections to this written discovery. Nuance therefore seeks an order compelling I.R.I.S. to produce
14  all documents responsive to its interrogatories and Requests for Production. (*See* Dkt. #93 at 2.)

15        In response, I.R.I.S. argues that Nuance's requests seek "the broadest plenary discovery,
16  including damages discovery[.]" (Dkt. #93 at 3.) It also maintains that, since at least September
17  2008, it objected to Nuance's discovery requests on multiple grounds. I.R.I.S. therefore urges the
18  Court to deny Nuance's request to compel production.

19        The Court has considered the parties' arguments and finds that, in light of the Court's ruling
20  regarding phased discovery, Nuance's written discovery requests exceed the scope of claim
21  construction, and are therefore premature at this juncture. Accordingly, the Court **DENIES**
22  Nuance's request for an order compelling production.

23        **IT IS SO ORDERED.**

25  Dated: August 4, 2009

26        Maria-Elena James
      Chief United States Magistrate Judge