UNITED STATES DISTRICT COURT

Northern District of California

NUANCE COMMUNICATIONS, INC.,

                Plaintiff(s),

  v.

ECOPY, INC.,

                Defendant(s).
_____/

No. C 08-04227 JSW (MEJ)
Consolidated with C 08-04942 JSW (MEJ)

**DISCOVERY ORDER RE: AUGUST 17, 2009 JOINT LETTER [Dkt. #116]**

On August 17, 2009, Plaintiff Nuance Communications, Inc. and Defendant eCopy Inc. filed a joint letter regarding a discovery dispute that has arisen concerning Nuance's infringement contentions. (Dkt. #116.) Specifically, eCopy contends that Nuance's infringement contentions are deficient in several respects and fail to conform to the requirements set forth in Patent Local Rule 3-1(c) and (d). The undersigned has considered the parties' arguments and reviewed Nuance's infringement contentions, and now rules as follows.

**1.**     <u>**Infringement Contentions Relating to the US Patent No. 6,820,094 (the "'094 Patent ")**</u>

In its contentions, Nuance alleges that the eCopy ShareScan product infringes 18 claims of the '094 Patent. Ecopy contends that Nuance has failed to submit sufficient infringement contentions for the asserted claims for several reasons.

First, eCopy contends that Claim 1 requires that documents be organized "in accordance with a hierarchy of electronic folders." It argues that Nuance's infringement claim chart contains quotations from documents relating to the accused product, but does not explain how or where the limitations relating to a hierarchy of electronic folders are met in the accused product. eCopy therefore requests that the Court order Nuance to identify the specific features or components of the accused products that meet the limitation that documents be organized "in accordance with a hierarchy of electronic folders." In response, Nuance contends that its infringement contentions rely

1  on eCopy's own product documentation in which Microsoft Windows operating system is
2  specifically identified as a minimum software requirement. According to Nuance, "eCopy knows
3  quite well [that] Microsoft Windows is widely recognized for its hierarchical file system." The
4  Court has considered the parties' arguments and agrees with eCopy that Nuance's contention as to
5  this limitation is deficient. In particular, notwithstanding what Nuance believes eCopy "knows quite
6  well," Nuance must comply with Rule 3-1(c) by specifically identifying where that limitation is
7  found within ShareScan. If Nuance's position is that the use of a certain operating system includes
8  that limitation, it must expressly state so in its contention.

Next, eCopy argues that Claim 1 also requires "generating a data structure for the document, wherein said data structure contains the attribute data in a second format independent of said first format, and wherein said data structure is stored and maintained in memory separate from the imported document." eCopy contends that Nuance's infringement contention for this limitation simply quotes the language from the limitation and then adds: "*See, e.g.,* eCopy Demo ('Participant,' 'Date of Grant,' and 'CEO Signature')." According to eCopy, this contention is deficient because: (1) the referenced eCopy Demo demonstrates a hypothetical customer system and; (2) the contention fails to explain how the elements of the quoted limitation are met in the accused product. In response, Nuance argues that its contention chart identifies the specific portion of eCopy's demonstration that illustrates how ShareScan generates a data structure for the document in a manner consistent with the fourth limitation. The Court, however, agrees with eCopy. While Nuance has listed three components of the demo that it claims infringe on the limitation, Nuance has not identified where in those components the limitation is found. Nuance must therefore correct this deficiency.

**2.      Infringement Contentions Relating to US Patent No. 6,810,404 "the '"404 Patent")**

With respect to Nuance's infringement contentions concerning ShareScan and the '404 patent, eCopy argues that "Nuance's infringement contention for the 'archiving condition' step merely points to a quote from an 'eCopy Demo' and a second quote from 'Document Routing,' neither of which refers to or discusses an 'archiving condition.'" Nuance responds that, "[a]s clearly

1 stated in Nuance's contention, eCopy's own documents illustrate that the presence of a signature on
2 a document is an example of an archiving condition defined by ShareScan." While eCopy may
3 dispute whether the signature and document routing amount to archiving conditions, Nuance is only
4 required to identify where it believes the limitation is found in the accused instrumentality. Because
5 Nuance has identified two components of ShareScan that it claims contain the limitation, it has
6 satisfied its obligation under Local Rule 3-1(c).

**3.     Infringement Contentions Relating to US Patent No. 5,778,092 (the "'092 Patent")**

8 With respect to the '092 patent, eCopy contends that although Nuance asserts infringement
9 of seven claims, it fails to explain the basis for infringement. In particular, eCopy argues that
10 Nuance asserts that the "use and operation of eCopy Xpert Compression Technology indicates that it
11 employs a selector map that selects between elements in the background and foreground pixel maps
12 when decompressing the compressed pixel representation of the document." eCopy charges that this
13 statement is insufficient because Nuance does not explain how "use and operation" of the accused
14 technology "indicates" that it employs a selector map that performs in accordance with the claim
15 language. Nuance responds that its contention "rests entirely on attorney work product, including
16 attorney and attorney-directed use and operation of the accused instrumentality. Nuance further
17 states that, after eCopy provides source code and technical documents regarding the accused
18 instrumentality, Nuance "is willing to discuss a schedule for supplementing its contentions with non-
19 privileged materials." The undersigned has considered the parties' positions and agrees with eCopy.
20 While Nuance is not required to disclose materials it believes are privileged, to comply with Local
21 Rule 3-1(c), it must still identify where the last limitation in Claim 1 is found in eCopy's Xpert
22 Compression Technology. Nuance must therefore amend its contention as to this limitation.

**4.     Contentions of Indirect Infringement**

24 eCopy's final challenge is that Nuance's infringement contentions fail to meet the
25 requirements of Patent Local Rule 3-1(d) relating to indirect infringement. eCopy asserts that the
26 section of Nuance's infringement contentions that deals with indirect infringement consists of one
27 paragraph that contains broad statements that apply generally to all claims. Particularly, eCopy

charges that Nuance has failed to state whether eCopy is a direct or indirect infringer with respect to any particular claim. eCopy therefore requests that Nuance be required to state, on a claim-by-claim and product-by-product basis in the infringement chart whether eCopy is a direct or indirect infringer and describe the eCopy's acts that contribute or induce such direct infringement. Nuance responds that it has clearly stated the known acts of direct infringement as to each asserted claim by referring eCopy to its own press releases that identify and discuss customers that use the Accused Instrumentalities. Nuance also contends that those press releases, in conjunction with eCopy's product documentation, provide a description of known eCopy acts that contribute to, or are inducing, direct infringement of each of the asserted claims. Nuance further contends that it expects that once the parties engage in discovery concerning infringement, it expects to uncover additional evidence of direct and indirect infringement. The undersigned has carefully considered the parties' arguments on this issue and agrees with eCopy. To comply with Local Rule 3-1(d), for each claim that Nuance contends eCopy indirectly infringed, it must identify the direct infringement and describe the eCopy's alleged acts of indirect infringement that contribute to or induce the direct infringement.

**5.     Conclusion**

For the reasons set forth above, the undersigned finds Nuance's infringement contentions fail to comport with Patent Local Rule 3-1(c) and (d), and to that extent **GRANTS** eCopy's request and **ORDERS** Nuance to correct the deficiencies outlined herein. Nuance shall serve its amended infringement contentions within 30 days of the date of this Order.

**IT IS SO ORDERED.**

Dated: October 1, 2009

_____
Maria-Elena James
Chief United States Magistrate Judge

4